**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD SEAWOOD,

   Petitioner,

Case No. 14-11430
Hon. Lawrence P. Zatkoff

v.

J.A. TERRIS,

   Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

### I.  INTRODUCTION

   This matter is before the Court on Petitioner's Motion for Reconsideration.  Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Petitioner's motion is not permitted.  As such, the Court finds that the facts and legal arguments are adequately presented in Petitioner's motion and brief such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted.  For the reasons set forth below, Petitioner's motion is DENIED.

### II. BACKGROUND

   Petitioner's motion challenges the Court's May 13, 2014, Order dismissing Petitioner's petition for writ of habeas corpus.  In its October 17, 2013, Order, the Court found that the petition—brought pursuant to 28 U.S.C. § 2241 ("§ 2241") was a collateral attack on the Petitioner's sentence that should have been brought pursuant to 28 U.S.C. § 2255 ("§ 2255").  On this basis, the Court dismissed with prejudice the petition for writ of habeas corpus.

### III. LEGAL STANDARD

   Local Rule 7.1(h) governs motions for reconsideration, stating that they must be filed within 14 days after entry of the judgment or order.  E.D. Mich. L.R. 7.1(h)(1).  "The court will not grant motions for

rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008).

### IV. ANALYSIS

Petitioner's motion fails to state a palpable defect by which the Court has been misled. Instead, Petitioner's motion presents the exact same issues that the Court has already ruled upon. *See* E.D. Mich. L.R. 7.1(h)(3). Petitioner has provided no authority indicating the procedural bar from filing successive petitions under § 2255 makes the remedies available via § 2255 "inadequate or ineffective" for purposes of § 2241. The Court has already established that a "remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255." *Charles v. Chandler*, 180 F. 3d 755, 756 (6th Cir. 1999). As such, Petitioner's motion indicates only Petitioner's disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

### V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Date: May 29, 2014                                                                 s/Lawrence P. Zatkoff
                                                                                                    HON. LAWRENCE P. ZATKOFF
                                                                                                    U.S. DISTRICT JUDGE